UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TROY MORAN, JR. | ) | Civil Action |
|          Plaintiff | ) | Case No.: |
| | ) | |
| versus | ) | Section |
| | ) | Judge |
| FOREMOST MARITIME COMPANY, LLC, | ) | |
| FOREMOST (SHIP) MANAGEMENT COMPANY, LLC, | ) | Magistrate Division |
| M/V KANG MAY & ASSOCIATED TERMINALS, LLC | ) | Magistrate Judge |
|          Defendants | ) | |

# COMPLAINT

NOW COMES, through undersigned counsel, Plaintiff, Troy Moran, Jr., who for his Complaint respectfully avers:

1.

Plaintiff, Troy Moran, Jr., is a person of the full age of majority and resident of Jefferson Parish, State of Louisiana.

2.

Named Defendant is Foremost Maritime Company, LLC, a limited liability company organized under the laws of the State of New York with its principal place of business in New York, New York.

3.

Named Defendant is Foremost (Ship) Management Company, LLC, a limited liability company organized under the laws of the State of New York with its principal place of business in New York, New York.

4.

Named Defendant is the M/V KANG MAY, a motor vessel in navigation, including its gear, tackle, equipment and appurtenances, that at all material times was owned, operated, controlled and crewed by Defendants, Foremost Maritime Company, LLC and/or Foremost (Ship) Management Company, LLC.

5.

Named Defendant is Associated Terminals, L.L.C., a Louisiana limited liability company with its principal place of business in Convent, Louisiana.

6.

This Court has jurisdiction under 28 U.S.C. § 1333, 46 U.S.C. § 30104 (the Jones Act), 33 U.S.C. § 905(b) of the Longshore and Harbor Workers' Compensation Act, and the provisions of the general maritime law. Venue is appropriate pursuant to 28 U.S.C. § 98(a).

7.

Plaintiff designates this matter as a claim under Rule 9(h) of the Federal Rules of Civil Procedure.

8.

On or about September 30, 2018, Plaintiff, Mr. Troy Moran, Jr., was employed as a deckhand lineman seaman by Defendant, Associated Terminals, LLC.

9.

The M/V KANG MAY was moored to one or more buoys located near mile marker 132 in the Mississippi River. The buoys are owned, operated, maintained, and used by Associated Terminals in their regular course of business to moor and hold vessels within the Mississippi River.

10.

On the evening of September 30, 2018, Mr. Moran was aboard a service vessel that was owned, operated and crewed by Associated Terminals. The service vessel approached a buoy, and Mr. Moran climbed from the service vessel onto the buoy to release lines mooring the M/V KANG MAY to the buoy.

11.

Once on the buoy, Mr. Moran worked to loosen a slacked mooring line that had become twisted/ entangled on the buoy. As Mr. Moran attempted to release the line, one or more crew members of the M/V KANG MAY suddenly and without signal to or from Mr. Moran, operated the vessel's winch to retrieve the slacked mooring line that was still affixed to the buoy. The force of the line retrieval violently jerked the buoy, causing Mr. Moran to fall into the Mississippi River. Once in the water, Mr. Moran became pinned between the buoy and the service vessel, until he was eventually rescued by a fellow crew member of the service vessel.

12.

As a result of this incident, Mr. Moran suffered serious physical and mental injuries, including but not limited to injuries to his lumbar spine and lower extremities.

13.

A proximate cause of this incident was the following non-exclusive acts of negligence by Defendants, Foremost Maritime Company, LLC, Foremost (Ship) Management Company, LLC, and/or its employees and crew, and the M/V KANG MAY:

(a) Failing to properly retrieve its mooring lines and cables;

(b) Failing to properly monitor its mooring lines and cables;

(c) Failing to properly signal or communicate with Mr. Moran;

(d) Failing to properly operate the vessel and its mooring lines;

(e) Failing to properly train and/or supervise its employees;

(f) Failing to maintain the vessel and its appurtenances;

(g) Failing to do what they should have done to have prevented the incident;

(h) Failing to provide a seaworthy vessel;

(i) Failing to provide adequate and safe crew, gear, equipment and appurtenances on the vessel;

(j) Failing to comply with the applicable rules and regulations promulgated by OSHA, the United States Coast Guard, and/or other governmental and/or quasi-governmental agencies; and

(k) All other acts of negligence and fault that may be identified during discovery and proven at trial.

14.

A proximate cause of this incident was the following non-exclusive acts of negligence by Defendant, Associated Terminals, LLC:

(a) Failing to maintain, repair, and/or upgrade its buoys;

(b) Failing to provide Plaintiff with a safe place to work;

(c) Failing to provide Plaintiff with reasonable working conditions;

(d) Failing to provide adequate and safe crew, gear, equipment and appurtenances on the service vessel;

(e) Failing to do what it should have done to prevent the incident; and

(f) All other acts of negligence and fault that may be identified during discovery and proven at trial.

15.

The incident was caused by no fault of Mr. Moran, and was caused by the exclusive fault and negligence of Defendants. At all material times Mr. Moran was performing the duties and functions that he was instructed and obligated to perform.

16.

Mr. Moran brings an action for damages that includes, but is not limited to: (a) physical pain and suffering, past, present and future; (b) mental suffering, past, present and future; (c) loss of wages and/or loss of earning capacity, past, present and future; (d) scarring and disfigurement; (e) disability; (f) loss of fringe benefits; (g) medical expenses, past, present and future; (h) maintenance and cure, past, present and future; (i) maintenance and cure, worker's compensation and/or longshore & harbor workers compensation benefits; (j) loss of enjoyment of life; and punitive damages.

17.

Defendants are liable for the negligence and fault of their employees and crew under the doctrine of *respondeat superior.*

18.

Due to the nature and severity of the injuries that he sustained in this incident, Mr. Moran has received extensive medical treatment and has been unable to return to work. Mr. Moran's employer, Associated Terminals, has failed and/or refused to pay maintenance and cure benefits due to Mr. Moran without just cause and despite repeated demand made upon it. As a result, Associated Terminals is liable for exemplary damages due to is arbitrary, capricious, and bad faith refusal to satisfy its maintenance and cure obligations and duties owed to Mr. Moran.

WHEREFORE, Plaintiff, Troy Moran, Jr., respectfully prays that his Complaint be deemed good and sufficient, and that Defendants, Foremost Maritime Company, LLC, Foremost (Ship) Management Company, LLC, the M/V KANG MAY, and Associated Terminals, LLC, be duly served and summoned with a copy of this Complaint, and that they be made to appear and answer same within the delays allowed by law, and that after all due and legal proceedings are had herein, for the reasons set forth herein, that there be judgment entered in favor of Plaintiff, Troy Moran, Jr., and against Defendants, Foremost Maritime Company, LLC, Foremost (Ship) Management Company, LLC, the M/V KANG MAY, and Associated Terminals, LLC, jointly, severally and in solido, in an amount that is reasonable under the premises, and together with all costs of these proceedings, punitive damages, for legal interest from the date of judicial demand until paid, and for all general and equitable relief.

Respectfully submitted,

*/s/ Joseph S. Piacun*
JOSEPH S. PIACUN (25211)
Gennusa, Piacun & Ruli
4405 North I-10 Service Road, Suite 200
Metairie, Louisiana 70006
Telephone: (504) 455-0442
Facsimile: (504) 455-7565
Email: jpiacun@gprlawyers.com

– and –

LEONARD J. CLINE (4201)
3021 35th Street, Suite A
Metairie, Louisiana 70001
Telephone: (504) 838-8254
Facsimile: (504) 838-9146
Email: clinelaw@bellsouth.net
**Attorneys for Plaintiff,
Troy Moran, Jr.**